UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANGEL TORRES,

                                    Plaintiff,          Civil Action:
                                                        1:19-cv-66-AMD-LB

            -against-

CITY OF NEW YORK; POLICE DETECTIVE          **AMENDED**
COLIN SPARKS, Shield # 3032; POLICE         **VERIFIED COMPLIANT**
DETECTIVE MICHAEL CERULLO, Shield # 7095;   Jury Trial demanded
POLICE LIEUTENANT STEPHEN FABER;
CORRECTION OFFICER STACY JOHNSON,
Shield # 18424; and CORRECTION OFFICER LISA
PASCASCIO, Shield # 14930,

                                    Defendants.
----------------------------------------------------------------x

## INTRODUCTION

Plaintiff, ANGEL TORRES, by his attorney, Lebedin Kofman LLP, complaining

of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees under 42 U.S.C.§§ 1983 and 1988 for violations of his civil rights, which are

secured by these statues and the United States Constitution.

## JURISDICTION

2.      Plaintiff brings this action under 42 U.S.C. § 1983, 1985, 1986, and 1988; and the

Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.      This Court has jurisdiction to hear all claims in this matter under 28 U.S.C. § 1331,

1343(a), and 1367(a); Federal Rule of Civil Procedure (hereinafter, "F.R.C.P.") 18(a); and arises

under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S.

715 (1966).

## VENUE

4.       Venue is properly laid in the Eastern District of New York under 28 U.S.C. 1391(b) because the causes of action arose in the County of Queens, State of New York, which lies within the Eastern District of New York.

## JURY DEMAND

5.       Plaintiff respectfully demands a trial by jury on all issues in this matter under F.R.C.P. 38(b).

## PARTIES

6.       Plaintiff ANGEL TORRES is a natural person and United States Citizen residing in the County of Queens, City and State of New York during all relevant times of this action, and is currently residing in the County of Queens, City and State of New York.

7.       At all relevant times, Defendant CITY OF NEW YORK (hereinafter, "NYC") was and is a municipal corporation incorporated and existing under the laws of the State of New York. Defendant NYC is responsible for the policies, procedures, and practices implemented though its various agencies, agents, departments, and employees, and for injury occasioned thereby.

8.       Defendant NYC operates New York City Police Department (hereinafter, "NYPD") and New York City Department of Corrections (hereinafter, "DOC"), and as such is the public employer of Defendant Officers herein.

9.       Defendant POLICE DETECTIVE COLIN SPARKS, Shield # 3032 (hereinafter, "Det. Sparks") was a NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NYC and within the scope of his employment. Det. Sparks is sued in his official and individual capacity.

10.     Defendant POLICE DETECTIVE MICHAEL CERULLO, Shield # 7095 (hereinafter, "Det. Cerullo") was a NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NYC and within the scope of his employment. Det. Cerullo is sued in his official and individual capacity.

11.     Defendant POLICE LIEUTENANT STEPHEN FABER (hereinafter, "Lt. Faber") was a NYPD Lieutenant, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NYC and within the scope of his employment. Lt. Faber is sued in his official and individual capacity.

12.     Defendant CORRECTION OFFICER STACY JOHNSON, Shield # 18424 (hereinafter, "CO Johnson") was a DOC officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NYC and within the scope of his employment. CO Johnson is sued in his official and individual capacity.

13.     Defendant CORRECTION OFFICER LISA PASCASCIO, Shield # 14930 (hereinafter, "CO Pascascio") was a DOC officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NYC and within the scope of his employment. CO Pascascio is sued in his official and individual capacity.

14.     At all relevant times of this complaint Defendants were acting under the color of state and local law.  Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant NYC was responsible for making and enforcing the policies of NYPD and DOC, and was acting under the color of law, to wit under the color of the statutes, ordinances, regulations, policies, customs and usages of NYC.

## FACTS

15.     The facts alleged in this complaint are based upon the personal observations of Plaintiff regarding events that took place in his presence, and upon information and belief, the sources thereof are documents prepared in connection with the arrest of Plaintiff and public documents and information relating thereto which are presently available to Plaintiff.   The aforesaid documentary evidence is presently incomplete, as it does not include numerous documents and exhibits; therefore, the complaint has been prepared without the benefit of full discovery.

### The Incident of October 27, 2016

16.     On August 14, 2016, at around 11:45 p.m., Plaintiff's next-door neighbor's home was broken into by unknown perpetrators.  Police officers arrived on scene in response to this reported burglary.  Upon canvassing the area, Det. Sparks and Det. Cerullo spoke with Plaintiff about the incident, which Plaintiff informed them that he worked from 9 p.m. on August 14, 2016 to around 4:30 a.m. on August 15, 2016; therefore, he did not see or possess any personal knowledge of the burglary.

17.     During the initial canvas, a screwdriver recovered in the complaining witness's house, that allegedly contained Plaintiff's fingerprint.  However, Plaintiff did inform Defendants of his alibi at the time of the burglary and that he did plumbing job at the complaining witness's house four (4) days prior the incident.

18.     On October 27, 2016, Det. Sparks and Det. Cerullo returned to Plaintiff's residence while Plaintiff was at work; therefore, a message was left with Plaintiff's mother to have Plaintiff report to the 105th Precinct.  Plaintiff complied and voluntarily surrendered himself to the 105th Precinct in the County of Queens, City and State of New York at approximately 10:00 a.m.

Plaintiff was wrongfully and unlawfully searched, seized, detained, and arrested by Defendants, their agents, servants, and / or employees, namely Det. Sparks, Det. Cerullo, approved by Lt. Faber, without probable cause or justification (hereinafter the "Arrest").

19.     Plaintiff was unlawfully detained for a period of approximately twenty-two (22) days from October 27, 2016, to November 17, 2016.

20.     On November 17, 2016, Plaintiff was brutally attacked by three (3) gang members without provocation while under the custody and control of CO Johnson and CO Pascascio at court.  CO Johnson and CO Pascasio intentionally and / or negligently failed to prevent the foreseeable attack and respond in a timely matter when such attack took place.  Such attack caused serious physical, mental, and emotional injuries to Plaintiff, including but not limited to, 4 broken teeth, injury to the right elbow, aggravated the nerve damage to his back.  The full extent of which are presently unknown.

21.     Plaintiff went to the Long Island Jewish Hospital following the attack and was not discharged until November 18, 2016.   Plaintiff has been in treatment for his physical, psychological, and emotional injuries.

22.     At all times relevant to this action, Defendants acted intentionally, willfully, knowingly, negligently, and with reckless disregard for, and deliberate indifference to the rights of Plaintiff.

23.     The acts of Defendants prior to and during the course of the Arrest of Plaintiff were the direct result of the failure of Defendant City to properly hire, train, supervise, monitor, and discipline its officers, agents, employees and / or contractors.

24.     The acts of Defendants prior to and during the course of the Arrest of Plaintiff were the direct result of policies, practices, and customs developed, implemented, enforced, encouraged, sanctioned, or tolerated by Defendant City.

25.     As a result of the aforesaid acts or omissions of Defendants, Plaintiff sustained personal, physical, and emotional injuries and losses including, pain and suffering, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, trauma, shock, fear, humiliation, embarrassment, shame, indignity, damage to his reputation, professional and economic losses, and financial costs and expenses.

26.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that may otherwise have jurisdiction.

## I.     FIRST CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (False Arrest)

27.     Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above with the same force and effect as if herein set forth.

28.     At all times relevant herein the conduct of the Defendants was subject to 42 U.S.C. §'s 1983, 1985, 1986, and 1988.

29.     The detention and arrest of Plaintiff without probable cause and without a lawful warrant was an abuse of power which constituted a seizure within the meaning of the Fourth Amendment of the United States Constitution and was an act taken by Det. Sparks, Det. Cerullo, and Lt. Faber with a deliberate indifference to Plaintiff's rights and privileges. The seizure and deprivation of Plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

30.     Acting under the color of law, Defendants achieved a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

    a.      By depriving Plaintiff of his liberty without due process of law, by taking Plaintiff into custody and holding him there against Plaintiff's will.

    b.      By making an unreasonable search and seizure of Plaintiff's property without due process of law.

    c.      By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws.

    d.      By refusing or neglecting to prevent such deprivations and denials to Plaintiff thereby depriving Plaintiff of the rights, privileges, and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

31.    Defendant NYC and NYPD negligently trained Defendants Det. Sparks, Det. Cerullo, and Lt. Faber.

32.    That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damages to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## II.    SECOND CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Excessive Force)

33.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34.    That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

35.     That Defendants has no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

36.     That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizure when they used excessive force against him.

37.     That at the time of the arrest or while in custody, Plaintiff did not pose a threat to the safety of the arresting officers.

38.     That Plaintiff did not actively resist arrest or attempting to evade arrest.

39.     The Defendant NYC, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

40.     That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

41.     That by reason of Defendants' acts and omissions, acting under color of law and within the scope of Defendants' authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

42.     That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

43.     That upon information and belief, in 2016, Defendants and NYC had a policy or routine practice of using excessive force when effectuating arrests.

44.     That upon information and belief, it was the policy and/or custom of Defendant NYC to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

45.     That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant NYC, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYC to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

47.     That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All said injuries may be permanent.

### III.     THIRD CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Detention and Confinement)

48.     Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 above with the same force and effect as if herein set forth.

49.     As a result of Defendants' concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

50.     That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages

including attorney's fees, damages to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## IV.      FOURTH CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Refusing or Neglecting to Prevent)

51.      Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52.      At all times relevant to the complaint, Det. Sparks, Det. Cerullo, and Lt. Faber, as police officers were acting under the direction and control of Defendant NYC and NYPD.

53.      Acting under the color of law and pursuant to official policy Det. Sparks, Det. Cerullo, and Lt. Faber, Defendant NYC and NYPD knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

      a.      Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

      b.      Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

      c.      Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the laws of the State of New York;

      d.      Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

54.      Defendant NYC and NYPD had knowledge of or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have knowledge

that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant NYC and NYPD had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

55.    Defendant NYC and the NYPD directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

56.    As a direct and proximate cause of the negligent and intentional acts of Defendant NYC and the NYPD as set forth in paragraphs 1 to 55 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivations of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

57.    That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of the said injuries may be permanent.

## V.    FIFTH CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Malicious Prosecution)

58.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57 above with the same force and effect as if herein set forth.

59.    That Defendants with malicious intent, arrested Plaintiff and initiated criminal proceedings despite the knowledge that Plaintiff had committed no crime.

60.    That all charges against Plaintiff have been dismissed.

61.     That there was no probable cause for the arrests and criminal proceedings. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to unlawful, illegal and excessive detentions, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

62.     That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

63.     That upon information and belief was the policy and/or custom of Defendant NYC to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

64.     That as a result of the above described policies and customs, Defendant NYC, its staff, agents and employees of Defendant NYC believes that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

65.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYC to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

66.     That in so acting, Defendant NYC abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

67.     That upon information and belief, in 2016, Defendant NYC and NYPD had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

68.     That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumati9c stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VI.     SIXTH CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Deliberate Indifference to Physical Harm)

69.     Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 68 above with the same force and effect as if herein set forth.

70.     At all times relevant to the complaint, Defendants CO Johnson and CO Pascascio as correction officers were acting under the direction and control of Defendant NYC and DOC.

71.     Defendants CO Johnson and CO Pascascion knew or should have known Plaintiff faces substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.

72.     The substantial risk of harm resulting from Defendants' deliberate indifference caused Plaintiff to suffer physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of the said injuries may be permanent.

## VII.     SEVENTH CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Failure to Intervene)

73.     Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 72 above with the same force and effect as if herein set forth.

74.     At all times relevant to the complaint, Defendants CO Johnson and CO Pascascio as correction officers were acting under the direction and control of Defendant NYC and DOC.

75.     Defendants CO Johnson and CO Pascascio have an affirmative duty to intervene when Plaintiff, whose constitutional rights were being violated in their presence by other inmates.

76.     Defendants CO Johnson and CO Pascascio were present at the time of the incident but failed to intervene and to prevent the unlawful conduct described herein despite having every opportunity to do so.

77.     As a result of the Defendants' conduct, or the lack thereof, Plaintiff was subjected to excessive force, was placed in fear for his safety, and he was physically brutalized and in pain.

78.     Acting under the color of law and pursuant to official policy CO Johnson and CO Pascascio, Defendant NYC and DOC knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant correction officers in their duties to prevent inmates from foreseeable assault and battery by known violent gang members while in custody.

79.     Defendant NYC and DOC had knowledge of or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant NYC and DOC had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

80.     Defendant NYC and the DOC directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

81.     As a direct and proximate cause of the negligent and intentional acts of Defendant NYC and DOC as set forth in paragraphs 1 to 80 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivations of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

82.     That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of the said injuries may be permanent.

## VIII.   EIGHTH CAUSE OF ACTION
### Municipal Liability "Monell" Claim

83.     The allegations set forth in paragraphs "1" through "82" inclusive are incorporated herein as if fully set forth.

84.     Defendants Det. Sparks, Det. Cerullo, Lt. Faber, CO Johnson, and  CO Pascascio, individually and collectively, within the scope of their employment and authority and under color of State Law, engaged in conduct which constituted customs, policies, procedures, rules, or usages of the NYC and which were in violation of the rights, privileges, and immunities of Plaintiff, a citizen of the United States and resident of the State of New York, as secured by the United States Constitution.

85.     The aforesaid customs, policies, procedures, rules, or usages included but were not limited to: failure to properly investigate before effecting an arrest; utilizing unnecessary excessive force, failure to ensure that use of force by police officers is properly reported and investigated; failure to prevent and intervene foreseeable harm;  failure to appropriately discipline police officers who utilize unnecessary and excessive force, as well as those who supervise such officers; failure

to implement measures to ensure that officers are appropriately supervised by qualified and well-trained staff; and failure to intervene when employees, officers, agents, and / or contractors violate well-established statutory and constitutional rights.

86.     The aforesaid unlawful policies and practices in tolerating such misconduct resulted in the subject Arrest rendering Defendant NYC liable to Plaintiff pursuant to Monell v. City of New York, 436 U.S. 658 /91978), and under 42 U.S.C. §1983.

87.     The aforesaid conduct was consistent with the institutionalized practices of NYPD and DOC which were known and previously sanctioned by Defendant NYC.

88.     Despite knowledge of the institutionalized practices of the NYPD and DOC, Defendant NYC took no effective actions to end or prevent such practices.

89.     Defendant NYC had prior notice of the injurious actions and practices of Defendants Det. Sparks, Det. Cerullo, Lt. Faber, CO Johnson, and CO Pascascio, but took no effective actions to end or prevent the aforesaid Defendants from committing such practices.

90.     Defendant NYC had prior notice that Det. Sparks, Det. Cerullo, Lt. Faber, CO Johnson, and CO Pascascio had inadequate training regarding the applicable provisions of the Penal Law of the State of New York, and Departmental policy, other applicable laws and federal and state statutory and constitutional protections, but took no effective actions to ensure that he aforesaid Defendants were provided with adequate or appropriate training.

91.     Defendant NYC authorized, tolerated, and ratified the misconduct of employees, officers, agents, and / or contractors, and of Det. Sparks, Det. Cerullo, Lt. Faber, CO Johnson, and CO Pascascio, specifically, by failing to: discipline employees, officers and agents; take adequate precautions in screening, hiring, educating, informing, training, supervising, promoting, and retaining employees, officers, agents; and failing to establish and maintain a meaningful system

for responding to complaint of misconduct, all of which constitute deliberate indifference by Defendant NYC to Plaintiff's rights secured by the United States Constitution, and deliberate indifference to the physical safety and well-being of Plaintiff.

92.    As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

93.    The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendant NYC liable to Plaintiff for punitive damages.

94.    The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages and for Plaintiff's attorney's fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff demands judgment against Defendants CITY OF NEW YORK; POLICE DETECTIVE COLIN SPARKS, Shield # 3032; POLICE DETECTIVE MICHAEL CERULLO, Shield # 7095; POLICE LIEUTENANT STEPHEN FABER; CORRECTION OFFICER STACY JOHNSON, Shield # 18424; and CORRECTION OFFICER LISA PASCASCIO, Shield # 14930, jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgement against each as said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus cost of the action, including attorney's fees, and such other relief deemed to be just and equitable. Actual, general, special and compensatory damages for Plaintiff.

Dated: New York, New York
       August 20, 2018

Ruisi Guo, Esq.
LEBEDIN KOFMAN, LLP
Attorneys for Plaintiff
ANGEL TORRES
26 Broadway, 27th Floor
New York, New York 10004

<u>ATTORNEY'S VERIFICATION</u>

I, the undersigned, am an attorney duly admitted to practice law in the courts of the State of New York, and affirm the following to be true:

I am a member of Lebedin Kofman, LLP, the attorneys of record for Plaintiff.

I have read the foregoing Complaint, and know the allegations of fact stated therein, that the stated allegations of fact are true to my own knowledge except as to those allegations stated to be on information and belief, and as to those matters, I believe them to be true.

The grounds of my belief as to all matters stated to be upon information and belief are conversations with Plaintiff, my review of the documents contained in files maintained by my office in connection with this matter, and any investigation of the relevant facts and circumstances.

The reason I make this verification instead of Plaintiff is that Plaintiff is not presently within the county where Lebedin Kofman, LLP maintains its offices.


Dated: New York, New York
      August 20, 2019

Ruisi Guo, Esq.